LEMMON, Judge,
concurs and assigns reasons.
Martin Foss’ version of the events just before the accident and Mark Page’s version can only be reconciled to indicate that Martin secured relative control of a nervous horse, and instead of dismounting, as prudence would dictate, he waited for Mark while on the horse alongside the track with a train approaching. Under these facts I deem reasonable the inference that the nervous horse did throw Martin after being further frightened by the train.[1] Therefore, I conclude that the shooting incident did cause the horse to be nervous, and since the horse’s nervousness causally contributed to the accident, the shooting was a “but for” cause-in-fact of the accident.
Nevertheless, I would not hold Keith Long liable for the resulting injury.
*198 Liability is not always imposed when a breach of duty is followed by an injury in a “but for” sequence. The cause-in-fact determination is only the first step in the liability determination. Since tort law imposes a duty for the purpose of preventing the risk of injury, another basic inquiry is whether the particular risk of injury is within the scope of protection of the rule of law which prohibits the conduct under consideration. The inquiry involves an analysis of the relationship between the duty imposed, the risk created, and the injury “caused”.
There is no ease of association between the duty to refrain from willfully frightening a horse carrying a rider and the resulting injury in this case, which spanned 1,300 feet of distance and a considerable amount of time, during which Martin had numerous opportunities to dismount and terminate the risk of harm, or to wait for Mark at some place other than alongside the track.[2]
A question of law is involved in determining whether to excuse an actor from liability for certain consequences following an act of negligence. Pierre v. Allstate Ins. Co., 257 La. 471, 242 So.2d 821 (1970). Regardless of the terminology used — foreseeability, ease of association, contributory intervening independent act[3] — I would as a matter of law decline to hold Keith Long responsible for these particular consequences of the shooting incident.

. Testimony by an expert horseman established that a horse, near a railroad track and confronted by an approaching train, would probably turn toward the sound and then spin around quickly and try to get away from the track.

. Indeed, he did go back up the levee and wait about 15 seconds before returning to the place alongside the track.

. The jury found Martin to be contributorily negligent, but determined that this was not the proximate cause of the accident.